UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SALATHIEL REZAR BROWN,

    Petitioner,      Case Number: 2:09-CV-12902

v.      HON. STEPHEN J. MURPHY, III

JEFFREY WHITE,

    Respondent.
_____/

## AMENDED OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS

Petitioner Salathiel Rezar Brown has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Brown challenges his convictions for third-degree fleeing and eluding a police officer and driving with a suspended license. At the time he filed his petition, Brown was incarcerated at the Mound Correctional Facility in Detroit, Michigan. Brown has since been released on parole. Respondent Jeffrey White has filed a motion to dismiss the petition for want of prosecution and because Brown failed to exhaust his state court remedies.

Local Rule 11.2 provides a court authority to dismiss a case for failure to keep the court apprised of address changes. The rule states:

> Every attorney and every party not represented by an attorney must include his or her contact information consisting of his or her address, e-mail address, and telephone number on the first paper that person files in a case. If there is a change in the contact information, that person promptly must file and serve a notice with the new contact information. The failure to file promptly current contact information may subject that person or party to appropriate sanctions, which may include dismissal, default judgment, and costs.

E.D. Mich. L.R. 11.2.

Federal Rule of Civil Procedure 41(b) also gives a court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court . . . ." Fed. R. Civ. P. 41(b). Brown has an obligation to provide the Court with his current address or risk dismissal. *See Watsy v. Richards*, No. 86-1856, 1987 WL 37151 (6th Cir.1987). *Pro se* litigants have the same duty as counsel to notify the court of a change of address. *See Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988). "'[Petitioner] has the duty to inform the court of any address changes,' and it is not incumbent upon this Court or its staff to keep track of Petitioner's current address. *Thompkins v. Metrish*, 2009 WL 2595604, *1 n.1 (W.D. Mich. August 20, 2009), *quoting Kelly v. Wal-Mart, Inc.*, 2007 WL 2847068, at *1 (N.D. N.Y. Sept.26, 2007).

In this case, Brown was released to parole on September 29, 2009. He has not provided the Court with his current contact information. Therefore, the Court will grant Respondent's Motion to Dismiss.

Respondent White also raises an alternate ground on which the petition is subject to dismissal. White argues that none of the claims presented in the petition have been properly exhausted in state court.

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To be properly exhausted, each claim must have been "fairly presented" to both the state court of appeals and the

2

state supreme court. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009). A prisoner "'fairly presents' his claims to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also Prather v. Reese*, 822 F.2d 1418, 1420 (holding that "[o]rdinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations"). The petitioner bears the burden of showing that state court remedies have been exhausted. *Rust*, 17 F.3d at 160.

Brown's first three claims were presented for the first time in his application for leave to appeal to the Michigan Supreme Court. The Michigan Supreme Court denied leave to appeal. *People v. Brown*, No. 138453 (Mich. June 23, 2009). "[A]n issue has not been fairly presented when it is raised for the first time to the Michigan Supreme Court, and that court declines to exercise its right to discretionary review." *Warlick v. Romanowski*, No. 09-1199, 2010 WL 729528, *8 (6th Cir. March 03, 2010), *citing Farley v. Lafler*, 193 F. App'x 543, 549 (6th Cir. 2006). These claims, therefore, are unexhausted. Brown's fourth claim has not been presented in state court and is also unexhausted.

Michigan Court Rules provide a process through which Brown may present his unexhausted claims. Brown may file a motion for relief from judgment pursuant to M.C.R. 6.500 *et seq.*, which allows the trial court to appoint counsel, seek a response from the prosecutor, expand the record, permit oral argument and conduct an evidentiary hearing on Brown's claims. Brown may appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and Michigan Supreme Court. To obtain relief, he will have to show cause for failing to raise his unexhausted claims on his appeal

3

of right to the Michigan Court of Appeals and resulting prejudice or a significant possibility of innocence. See Mich. Ct. R. 6.508(D)(3). Brown's unexhausted claims should be addressed to, and considered by, the state courts in the first instance. His petition, therefore, is also subject to dismissal because all of the claims asserted in the petition are unexhausted.

Accordingly, **IT IS ORDERED** that Respondent's Motion to Dismiss (docket no. 7) is **GRANTED** and the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: April 30, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 30, 2010, by electronic and/or ordinary mail.

s/Alissa Greer
Case Manager